UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIRA S. LAMI, :
:
    Plaintiff, :
:
v. : NO. 3:05CV1416 (MRK)
:
JANE STAHL, ANNE GOBIN, :
GINA McCARTHY and LINDA YELMINI, :
:
    Defendants. :

# RULING AND ORDER

Presently pending before the Court is Mira Lami's Motion for Reargument [doc. # 37]. In her Motion, Ms. Lami seeks reargument relating to a portion of this Court's ruling on Defendants' Motion for Summary Judgment [doc. # 32], which the Court granted on July 31, 2007. *See* Ruling & Order [doc. # 35]. The Court assumes familiarity with its Ruling and Order. In the course of assessing Ms. Lami's First Amendment retaliation claim, the Court made the following statement:

> As with her class-of-one Equal Protection claim, Ms. Lami's Complaint [doc. # 1] and Memorandum in Opposition [doc. # 33] provide little clarity regarding the basis for her retaliation claim. *The only adverse employment action that Ms. Lami appears to allege is her transfer to the Kellogg Environmental Center in August 2004. See* Memorandum in Opposition [doc. # 33] at 1, 18.

*Id*. at 9-10 (emphasis added). In her Motion for Reargument, Ms. Lami points out that in her Complaint she alleged that Defendants also retaliated against her by hiring her as an Environmental Intern, "a rank far below that for which the plaintiff is qualified." Complaint [doc. # 1], ¶¶ 15-17. Accordingly, Ms. Lami seeks reargument regarding her retaliation claim because the Court was, in her view, mistaken as to the factual basis of her claim.

Defendants oppose the Motion for Reargument on the ground that it is really a motion for

reconsideration that does not meet the strict standards for such a motion. In particular, Defendants assert that Ms. Lami is using the Motion for Reargument to "plug gaps" in her original argument since, Defendants point out, Ms. Lami's Memorandum in Opposition to Motion for Summary Judgment [doc. # 33] never once mentioned the Environmental Intern position as a basis for her retaliation claim. *See* Defendants' Objection to Plaintiff's Motion for Reargument [doc. # 39].

The Court agrees with Defendants that Ms. Lami did not in her briefs on summary judgment argue that her hiring as an Environmental Intern was in retaliation for her legislative testimony. Instead, Ms. Lami's briefs focused on her transfer to the Kellogg Environmental Center, which is why the Court's ruling discussed only the transfer and not the hiring as the basis for Ms. Lami's retaliation claim. It is well settled that a failure to brief an issue is grounds to deem the claim abandoned. *See, e.g.*, *See Ansell v. D'Alesio,* 485 F. Supp. 2d 80, 86 (D. Conn. 2007) (stating that where the plaintiffs did not address their equal protection claim in their opposition, "the Court will deem Plaintiffs to have waived their equal protection claim."); *Everson v. Lantz*, 453 F. Supp. 2d 578, 584 (D. Conn. 2006) (same). Therefore, the Court would be fully justified in concluding that Ms. Lami had waived her claim.

However, the Court agrees with Ms. Lami that she did allege retaliation regarding the Environmental Intern position in her Complaint. Defendants also explicitly referred to that claim in their opening summary judgment brief, so certainly cannot claim to be surprised or prejudiced by it. *See* Memorandum of Law in Support of Motion for Summary Judgment [doc. # 32-2]. Finally, Ms. Lami promptly filed her Motion for Reargument. Therefore, the Court will exercise its discretion to consider Ms. Lami's Environmental Intern claim. However, the Court will not permit any further briefing or argument, for that would in fact accomplish what Defendants fear, which is

to allow Ms. Lami to have two bites at briefing the Motion for Summary Judgment.

Therefore, the Court will reconsider Ms. Lami's claim on the basis of the record submitted by the parties in connection with Defendants' Motion for Summary Judgment. Having done so, the Court declines to alter the conclusion of its Ruling and Order, and accordingly, the Court reaffirms that Defendants are entitled to summary judgment on Ms. Lami's First Amendment retaliation claim, even when that claim is construed to include her allegation about the Environmental Intern position.

Assuming *argunedo* (as the Court did in its Ruling and Order) that Ms. Lami spoke as a citizen on an issue of public concern when she submitted her testimony to the General Assembly and assuming further – but without deciding – that she suffered an adverse employment action when she was offered and accepted the position of Environmental Intern, Ms. Lami has nevertheless proffered no admissible evidence that would permit a reasonable jury to conclude that her testimony was a motivating factor in the decision to offer her the position as Environmental Intern.

"To survive summary judgment on a section 1983 First Amendment retaliation claim a plaintiff must demonstrate that [she] engaged in protected speech, and that the speech was a substantial or motivating factor in an adverse decision taken by the defendant." *Beechwood Restorative Care Ctr. v. Leeds*, 436 F.3d 147, 152 (2d Cir. 2006). "Specific proof of improper motivation is required in order for plaintiff to survive summary judgment on a First Amendment retaliation claim." *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *see Mangiafico v. Blumenthal*, 3:04CV74(MRK), 2007 WL 283115, at * 7 (D. Conn. Jan. 30, 2007); *see also Perugini v. Stryker Orthopaedics*, No. 3:05CV1289 MRK, 2007 WL 601454, at *5 (D. Conn. Feb. 22, 2007) ("To make out a claim of retaliation, [the plaintiff] must first show that . . . a causal connection exists between the alleged adverse action and the protected activity.") (quoting *Schiano v. Quality Payroll*

*Sys., Inc.*, 445 F.3d 597, 608 (2d Cir. 2006)) (internal quotation marks omitted). As the Second Circuit has explained "[t]o satisfy the causal connection requirement of the prima facie case . . . plaintiffs must aver some tangible proof demonstrating that their protected speech animated [the adverse employment decision]. They may not rely on conclusory assertions of retaliatory motive." *Washington v. County of Rockland*, 373 F.3d 310, 321 (2d Cir. 2004) (affirming grant of summary judgment since plaintiff offered insufficient evidence to prove causality in First Amendment retaliation claim) (internal quotation marks omitted), *accord Cotarelo v. Vill. of Sleepy Hollow Police Dep't*, 460 F.3d 247, 252-53 (2d Cir. 2006); *Deters v. Lafuente*, 368 F.3d 185, 189-90 (2d Cir. 2004).

Ms. Lami's brief regarding her First Amendment retaliation claim is devoted entirely to the issues of whether she spoke on a matter of public concern and whether she suffered an adverse employment action. *See* Mem. in Opp'n to Mot. for Summ. J. [doc. # 33]. She offers only a single paragraph of her brief that could possibly be construed as addressing the causal connection requirement of her claim. *See id.* at 18. In that paragraph, Ms. Lami offers no facts (other than an oblique reference to her transfer to a distant and inconvenient site, which occurred before the testimony at issue) to support her conclusory assertion that her retaliation claim should survive the Motion for Summary Judgment. She offers no evidence to support a claim that she was given the position of Environmental Intern in retaliation for her General Assembly testimony, or that those who offered her that position acted with retaliatory motive. Nor does her Statement of Material Facts [doc. # 33-2] provide any facts from which a reasonable juror could infer that her General Assembly testimony played any role whatsoever in the decision to offer her the Environmental Intern position. Finally, the Court has once again reviewed Ms. Lami's Responses to Defendants' First Set

of Interrogatories and Requests for Production [doc. # 33-3]. There, Defendants asked her to state how Defendants had retaliated against her, to which Ms. Lami referred Defendants to her answers to Interrogatories No. 3 and No. 18. *See* Pl.'s Resps. to Defs.' First Set of Interrogs. & Reqs. For Produc. [doc. # 33-3], at 48, Interrog. 19. Yet, the answer to Interrogatory No. 3 has nothing to do with the Environmental Intern position and the answer to Interrogatory No. 18 states in conclusory fashion only that the Environmental Intern position "was well below my qualifications." *Id.* at 5-8, 47-48.

It is undisputed that at or around the time that Ms. Lami gave her testimony, the Department of Environmental Protection was trying to find a position for her, as she previously had been slated for termination. Defendants' Local Rule 56(a)(1) Statement [doc. # 32-3], ¶¶ 55-59; Plaintiff's Local Rule 56 Statement [doc. # 33-2], ¶¶ 55-59 (admitting statements of facts from Defendants' Statement). The Environmental Intern position may not have been the job Ms. Lami wanted or felt she deserved, but she has offered no proof that other positions existed for her at that particular point in time or that Defendants selected the Environmental Intern position for her in order to retaliate against her because of her General Assembly testimony. Ms. Lami's conclusory allegations of retaliation simply do not suffice at this stage. *See Washington*, 373 F.3d at 321 ("Absent some record evidence that [the defendants] possessed retaliatory animus toward [the plaintiffs], plaintiffs cannot succeed in making out a First Amendment retaliation claim . . . .").

Accordingly, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion for Reargument [doc. # 37]. The Court grants it insofar as the Court has reconsidered its earlier Ruling and Order in light of the issues raised in the Motion, but having reconsidered its Ruling and Order, the Court adheres to it and reaffirms that Defendants are entitled to summary judgment on Ms.

Lami's First Amendment retaliation claim, even when that claim is construed to include her allegation about the Environmental Intern position.

IT IS SO ORDERED.

/s/      Mark R. Kravitz      
United States District Judge

**Dated at New Haven, Connecticut: October 25, 2007.**